UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x    AH-3515
EXPEDITORS INTERNATIONAL,               :

                Plaintiff,                         :

                                                   :   Case No: 08-CV-0386 (RJS)

    - against -                             :   **ANSWER**

KOREAN AIRLINES,                          :

                Defendant.                        :
------------------------------------------------------------x

Defendant Korean Air Lines Co., Ltd., (incorrectly sued as "Korean Airlines" and hereinafter "KAL"), by its attorneys Clyde & Co US LLP, answers plaintiff's Complaint ("Complaint") as follows:

1.     Denies the allegations in paragraph 1 of the Complaint and leaves all questions of law for the Court.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2 and 3 of the Complaint and leaves all questions of law for the Court.

3.     Denies the allegations in paragraphs 4 through 11 of the Complaint except admits that KAL is a foreign corporation doing business in New York with a place of business located at Cargo Building #9, JFK International Airport, Jamaica, New York, is an air carrier engaged in the international transportation by air of passengers, baggage and cargo, contracted to transport a certain shipment from Paris, France to Incheon, Korea pursuant to air waybill no. 180-5044-4870, and leaves all questions of law for the Court.

**AS AND FOR A FIRST
AFFIRMATIVE DEFENSE**

4.     The Complaint fails to state a claim against KAL upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

5. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, on October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C.A. § 40105 (1997) (note) as amended by the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw 12 October 1929, 478 U.N.T.S. 371, ICAO Doc. 7686-LC/140 (signed at The Hague, 28 September 1955 and entered into force 1 August 1963) ("Warsaw Convention"), and the rights of the parties are governed exclusively by the provisions of the said Warsaw Convention.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

6. Pursuant to the Warsaw Convention, this Court lacks treaty jurisdiction and therefore lacks subject matter jurisdiction of the claims asserted by plaintiff in this action as against KAL.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

7. Pursuant to the Warsaw Convention, KAL's tariffs, KAL's conditions of carriage as set forth in the relevant contract of carriage and/or other relevant law, KAL is not liable to plaintiff for the loss or damage described in the Complaint because the alleged loss or damage did not occur during the period of carriage by air.

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

8. The liability of KAL, if any, is limited pursuant to Warsaw Convention and/or KAL's tariffs and conditions of carriage as set forth in the relevant contract of carriage.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred by the two-year period of limitations set forth by Article 29 of the Warsaw Convention and/or defendant KAL's conditions of contract and, therefore, plaintiff's claims must be dismissed.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

10. Pursuant to its tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or the applicable local law, KAL is not liable to plaintiff or, alternatively, KAL's liability is limited.

### AS AND FOR AN EIGHTH
### AFFIRMATIVE DEFENSE

11. Pursuant to the Warsaw Convention, KAL is not liable to plaintiff because it took all necessary measures to prevent the loss.

### AS AND FOR A NINTH
### AFFIRMATIVE DEFENSE

12. The alleged damages complained of were caused or contributed to by the negligence of parties other than KAL and for whom KAL is not responsible and, therefore, KAL is not liable to plaintiff.

### AS AND FOR A TENTH
### AFFIRMATIVE DEFENSE

13. The alleged damages complained of were not proximately caused by any negligence

or culpable conduct on the part of KAL.

### AS AND FOR AN ELEVENTH
### AFFIRMATIVE DEFENSE

14. KAL is not liable to plaintiff for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence of plaintiff or its agents, servants or employees.

### AS AND FOR A TWELFTH
### AFFIRMATIVE DEFENSE

15. Plaintiff failed to mitigate its damages, if any, and, therefore, plaintiff is barred from recovering any such damages from KAL.

### AS AND FOR A THIRTEENTH
### AFFIRMATIVE DEFENSE

16. The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by KAL, or by a person for whom KAL is responsible.

### AS AND FOR A FOURTEENTH
### AFFIRMATIVE DEFENSE

17. Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### AS AND FOR A FIFTEENTH
### AFFIRMATIVE DEFENSE

18. Pursuant to the Warsaw Convention and/or KAL's tariffs and conditions of contract set forth in the relevant contract of carriage, plaintiff may not maintain an action against KAL and/or KAL is not liable to plaintiff for the loss or damage described in the Complaint because the alleged loss or damage did not occur while the cargo was in KAL's possession or the possession of its employees or agents.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

19. The Complaint should be dismissed because plaintiff lacks standing and/or capacity to maintain this action.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

20. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, KAL hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, defendant KAL demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements.

Dated: New York, New York
May 22, 2008

CLYDE & CO US LLP

By: _____
Andrew J. Harakas (AH 3515)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

Attorneys for Defendant
Korean Air Lines Co., Ltd.

To: James P. Krauzlis, Esq.
Badiak & Will, LLP
106 3rd Street
Mineola, New York 11501-4404
(516) 877-2225
Attorneys for Plaintiff

David Louis Mazaroli, Esq.
Law Office of David L. Mazaroli
11 Park Place
Suite 1214
New York, New York 10007
(212) 267-8480
Attorneys for Indemnity Insurance
Company of North America